KARL F. BICK v. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY.[1]

February 5, 1909.

Nos. 15,844—(171).

**Submission of Case Upon the Evidence.**

Where the pleadings present clearly defined issues, and other issues are not tried by consent, it is error for the court, against the objection of the defendant, to submit the case to the jury upon the evidence, instead of the pleadings.

Action in the district court for Clay county to recover $1,750, damages caused by failure to deliver promptly goods shipped by plaintiff

[1] Reported in 119 N. W. 505.

over defendant's railroad. The allegations of the amended answer are stated in the sixth paragraph of the opinion. The case was tried before Taylor, J., and a jury which returned a verdict in favor of plaintiff for $1,453.73. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed and new trial granted.

*A. H. Bright* and *Ball, Watson, Young & Lawrence,* for appellant.

*F. H. Peterson,* for respondent.

ELLIOTT, J.

Plaintiff recovered a verdict against the Minneapolis, St. Paul & Sault Ste. Marie Railway Company, and the defendant appealed to this court from an order denying its motion for judgment notwithstanding the verdict or for a new trial.

There is very little conflict as to the facts, other than the amount of damages; but the manner in which the case was tried makes it somewhat difficult to ascertain the issues and theories of the respective parties. It appears that on or about May 15, 1903, a party by the name of Gantz delivered a carload of vinegar and wine to the Union Pacific Railway Company at Tonganoxie, Kansas, for shipment under the terms of a certain bill of lading to the respondent, Bick, at Tenny, Minnesota. The Union Pacific Company carried the property from Tonganoxie to Leavenworth, Kansas, and delivered it to the Chicago Great Western Railway Company, by which it was carried to the Minnesota Transfer and on May 9 delivered to the appellant for carriage to Tenney, in Wilkin county, Minnesota. It arrived at that station on May 21, 1903, and the station agent was unable to find the consignee. The usual methods were pursued; but it was not until after June 15 that the appellant learned that a mistake had been made in sending the car to its station, and that it was intended for another station of the same name located on the Northern Pacific Railway in Clay county, Minnesota.

The appellant was not responsible for the mistake. Upon being directed to do so, it sent the car on to Glenwood, Minnesota, under instructions to deliver it there to the Northern Pacific Company for carriage to the consignee at Tenny, on its line. When the car reached Glenwood, it was in the usual course of business placed on the trans-

fer tracks of the Northern Pacific Company. It seems that it is customary for each connecting carrier, when it receives a car, to pay or become responsible for the freight earned by the line from which the car was received. The Northern Pacific agent at Glenwood examined the property in this car, and, being of the opinion that it was not of sufficient value to secure the amount for which they would become responsible to the appellant for freight, declined to receive it. The result was that the car stood on the track at Glenwood for more than a month, and until Bick paid the amount of the freight to the Northern Pacific Company. When finally delivered to the consignee the wines and vinegar had spoiled and, according to the finding of the jury, become worthless.

Bick thereafter brought an action against the Northern Pacific Company in which he sought to recover upon two causes of action. The first alleged the shipment from Tonganoxie and facts which it was claimed entitled him to recover damages from the Northern Pacific Company. The second alleged that he had paid freight to the Northern Pacific upon a false statement made by its agent that the goods were then in good condition. The trial of that action resulted in a directed verdict for the railway company upon the first, and a verdict in favor of the plaintiff upon the second, cause of action.

Thereafter Bick commenced this action against the appellant to recover the damages caused by the deterioration of the property, alleging that it was caused by the negligent manner in which the appellant handled and cared for the car and its contents. In the complaint he alleged that on or about the first day of July, 1903, he entered into a contract with the defendant whereby it agreed to carry the goods from Tenney to Glenwood and deliver them to the Northern Pacific Company; that, in violation of the terms of the agreement to carry the goods with care and dispatch, it delayed the delivery thereof for forty five days, during which time it negligently allowed the goods to be exposed to the heat and to spoil, to his damage in the sum of $1,750. It will be observed that the plaintiff thus pleaded an independent contract for the transportation of the goods from Tenney to Glenwood.

The answer as amended admitted that Bick was the owner of the goods loaded on the car at Tenney, denied all the other allegations of the complaint, and alleged that the goods were delivered to the Union

Pacific Railway Company at Tonganoxie, Kansas, to be shipped to Bick at Tenny in Clay county, Minnesota, by way of the Chicago Great Western Railway Company and the Northern Pacific Railway Company, that it was delivered to the defendant at the Minnesota Transfer by mistake, and was by it carried to a station on its own line of the same name. It denied that the transportation from Tenney to Glenwood was an independent and original shipment, and alleged that it was made under the terms and conditions of the bill of lading issued by the Union Pacific Railway Company at Tonganoxie, Kansas, that the plaintiff had violated the terms and conditions of that contract and was not entitled to recover damages, and that the defendant was entitled to the benefit of the terms of that bill of lading and could assert the violation thereof as a defense. The reply denied each and every allegation contained in the amended answer.

When the case came on for trial the parties stipulated that the evidence which had been offered in the action brought against the Northern Pacific Railway Company might be used in this action, and the court ruled that the evidence there received should be received as the record stood, without the right to interpose additional objections to any particular parts thereof. The plaintiff then showed the condition of the goods and the manner in which the car was loaded at Tonganoxie, and introduced the bill of lading in evidence. The appellant's agent at Glenwood testified that the car containing the property in question arrived at Glenwood from Tenney on June 20, 1903; that it was placed on the Northern Pacific Company's transfer track on the following morning; that on account of the freight charges the Northern Pacific Company refused to accept it; and that it remained there until August 5. In the meantime the railway officials were corresponding and investigating the matter. The Northern Pacific Company could have taken the car at any time by paying or becoming responsible for the accumulated charges, which they refused to do because the goods were in bad condition. The complaint, a portion of the judge's charge, and the judgment in the case against the Northern Pacific Company were also introduced in evidence, and this, with evidence as to the amount of the damages, practically constituted the plaintiff's case.

107 M.—6

The defendant, after offering in evidence certain telegrams, rested and moved for a directed verdict, "upon the complaint and all the evidence," because the plaintiff had not established a right to recover. This motion was denied. The trial judge then stated that he would submit the case to the jury on the evidence, and not on the allegations in the pleadings. On the theory that the defendant was a connecting carrier on the route from Tonganoxie to Tenny, Clay county, he charged that, if the goods were shown by the plaintiff to have been in good condition when delivered to the Union Pacific Company at Tonganoxie and in bad condition when delivered to the Northern Pacific Company at Glenwood, the burden was upon the defendant to prove that the goods were in bad condition when received by it, and that the damage did not result from any lack of proper care while the goods were in its possession. Nothing was said about the breach of any of the conditions of the bill of lading, as no evidence had been offered upon these issues presented by the answer. After the verdict was returned, the plaintiff moved for leave to amend the complaint so as to make it conform to the evidence. This motion was granted; but the complaint never was in fact amended, unless it was by the legal effect of the granting of the motion.

The appellant now assigns errors upon the refusal of the court to grant the motion to direct a verdict in its favor, the refusal to give certain requests for instructions, and the giving of certain instructions in the general charge of the court.

The theory of the respondent is that the parties by consent departed from the issues made by the pleadings and tried the case upon the evidence. It is true that, if parties voluntarily litigate issues other than those presented by the pleadings, the question of variance cannot thereafter be raised. But we do not think that this is a case which is governed by that rule. The issues which were presented by the complaint were clearly defined. Its allegations were denied in the answer, which also narrated the previous history of the property, evidently for the purpose of enabling the defendant to avail itself of defenses which it thought arose under the bill of lading issued by the Union Pacific Company. The plaintiff did not consent to the shifting of the issue, as the reply denied all the allegations of the answer. The evidence, which it was stipulated might be invoked from the record of the

Northern Pacific case, had been offered under different pleadings and in a case which had been tried upon a theory very different from that presented by the complaint in this action. The stipulation, therefore, meant that the evidence from the former case might be received in this action so far as material to the issues. When the case was closed, the defendant had offered no evidence on any issue which would suggest a departure from the theory upon which the complaint had been framed. We search the record in vain for anything to suggest that the defendant had consented to the trial of any issues not tendered by the complaint. Unless the plaintiff had established the cause of action pleaded by him, the motion for a directed verdict should have been granted. The complaint had not then been amended, and there was no suggestion of an amendment until after the verdict was rendered. We are unable to see where the court found any authority for declining to submit the case to the jury upon the issues upon which the plaintiff had come into court.

This manner of submitting the case was prejudicial to the defendant, because it practically eliminated the real issue and prevented the jury from considering the question whether the defendant had carefully and properly carried the goods from Tenney and delivered or offered to deliver them to the Northern Pacific Company at Glenwood. The car arrived at the defendant's station of Tenney on June 20, and under the pleadings the jury should have been instructed as requested—that the plaintiff could recover only for damges occasioned after that date and before delivery to the Northern Pacific Company. It is perfectly clear from the evidence that the injury to the goods occurred after they had reached Glenwood, and while the car was standing on the transfer track awaiting the action of the Northern Pacific Company. We find no evidence that the defendant company made any specific demand upon the Northern Pacific Company for the actual payment of the freight charges before the goods would be delivered. The acceptance of the goods by the Northern Pacific Company would have rendered it liable to the delivering carrier for its accumulated freight charges, and, recognizing that such would be the effect, it refused to accept the car. It was thus left in the possession of the defendant.

The question, then, was whether the defendant was guilty of negligence in the care of the goods thus left on its hands. The Northern

Pacific Company was not as a matter of law obliged to accept the goods and assume prior charges. The defendant may not have been required to deliver the car to the Northern Pacific Company until its charges were paid or assumed. The Northern Pacific Company having refused to accept the car, what, then, under the circumstances, was the duty of the defendant? Did it remain liable as carrier? What obligation with reference to the care of the property did it assume? Did it make proper provision for its conservation and protection? See Southard v. Minneapolis, St. P. & Sault Ste. Marie Ry. Co., 60 Minn. 382, 62 N. W. 442, 619; Buston v. Pennsylvania Ry. Co., 119 Fed. 808, 56 C. C. A. 320; 1 Hutchinson, Carriers (3d Ed.) § 103a; 6 Cyc. 483. These questions were not determined.

It is not necessary to consider the various assignments of error. They are mostly directed to specific instructions, which were erroneous because the trial court was proceeding upon an erroneous theory of the case.

Although the motion to direct a verdict in favor of the defendant should have been granted when made, for the reasons already stated, yet we do not consider it a case where judgment should have been entered for the defendant notwithstanding the verdict. The pleadings may be recast, or the case tried upon the issues presented by the pleadings as they now stand, as the parties are advised.

The order denying the defendant's motion for a new trial is therefore reversed, and a new trial granted.